## RUDMAN *v.* BALDWIN.

Assumpsit. The declaration contained the common counts only. Pleas— general issue, and set-off. The defendant proved that he purchased of the plaintiff a canal boat which the latter warranted to be clear of incumbrances; that there were liens existing at the time of the purchase, placed on the boat by a former owner to secure the debts owed by him, and which the defendant had to discharge, to the amount of 179 dollars, in order to retain the boat. This sum the defendant claimed as a set-off. The Court refused to allow the set-off. *Held*, that there was no error in not allowing the set-off, as the record did not show that the suit was brought for the price of the boat.

ERROR to the *Franklin* Circuit Court.

PERKINS, J.—Assumpsit. The declaration contains the common counts only. Pleas, the general issue, and set-off. Issues of fact were duly formed. Jury trial, and judgment for the plaintiff for 220 dollars.

The defendant below, *Rudman*, proved that he purchased of the plaintiff, *Baldwin*, a canal boat for the sum of 84 dollars, which boat *Baldwin* warranted to be clear of incumbrance; he proved that said boat was not clear of incumbrance, but that there were liens existing at the time of his purchase, which were placed on said boat by one *Crary*, a prior owner to *Baldwin*, to secure debts owed by said *Crary*, and which liens said *Rudman* had been obliged

to discharge in order to retain said boat, and had discharged, to the amount of 179 dollars. This sum *Rudman* claimed to set-off against the demand of the plaintiff, *Baldwin*. The Court below refused to allow the set-off, and this is the principal matter complained of in this Court.

Had this suit been brought for the price of the boat, the defendant might, perhaps, have been allowed this set-off to the amount of that price; but there is nothing in the record to show that such was the fact, and hence we cannot say the set-off should have been permitted for the reason supposed. Again—had the liens upon the boat, which were discharged by *Rudman*, been on account of debts individually owed by *Baldwin*, perhaps the amount paid in their discharge might have been set-off in this case, at all events, on the ground of its being money paid to *Baldwin's* use under such circumstances that assumpsit for money paid would have been sustainable by *Rudman* against *Baldwin* therefor. But such was not the case. *Baldwin* did not owe the debts which were incumbrances on the boat. We cannot say, therefore, under this view, that the Court below erred in disallowing said set-off. If *Rudman* had paid *Baldwin* the 84 dollars he was to give for the boat, then, on the failure of the title to her, his remedy was an action for the breach of the warranty, in which the damages would have been of an unliquidated character, and not the subject of set-off. An imagined case will clearly illustrate this. Suppose the canal-boat in question to have been worth, when first in the hands of *Crary*, 1,000 dollars, and to have been subjected by him to incumbrances to that amount; suppose the boat to have been run by him afterwards till her value had depreciated to 500 dollars, and then to have been sold to *Baldwin* for the latter sum, nothing being said, and he knowing nothing about incumbrances; suppose *Baldwin* then to have run the boat till her value had fallen to 100 dollars, and at that time to have sold her for that sum to *Rudman*, warranting title; suppose *Rudman* then to have run her till she could be run no longer, and had become

May Term,
1850.

of a value not exceeding 10 dollars, and that at this point she had been taken from him on incumbrances executed by *Crary;* in an action by *Rudman* against *Baldwin* on the warranty, could his damages have exceeded 10 dollars ?  Now, suppose, instead of abandoning the boat in satisfaction of the incumbrances, *Rudman* had paid them to the amount of 1,000 dollars, could he have recovered all that sum from *Baldwin ?*  We think he could not thus have made *Baldwin* pay *Crary's* debts.  It seems to us that the set-off claimed in this case is not shown by the record to have been allowable.  All the other questions in the case depend upon and are determined by the one we have considered.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*G. Holland,* for the defendant.